Ths Vice-Chancellor.
In deciding upon an exception to an answer for insufficiency, the first step is to ascertain the charge in the bill upon which it is founded.
On these exceptions, however, there is no occasion to open the bill. It is not necessary, even for the purpose of seeing that an answer on oath was required; because if it were waived, no -exception for insufficiency could be taken.
The complainant supposes that he can treat this answer as a proper answer, so far as to leave it on file, and waive a motion to remove it from the files of the court; and at the same time except to it in such respects as he pleases, on the ground that not being verified, the matters stated in it are no answer in those respects. It seems to me that this will not do. If it be no answer, in the matters to which the exceptions are addressed, by reason of the omission of the oath, it is equally no answer to any other portion of the bill for the same cause. The complainant cannot say, I will receive this as a good answer so far as it suits my case, and treat it as no answer in respect of the residue of its contents. He may waive the irregularity, but if he do, he must give to the answer its full effect as a pleading properly filed.
There is no need of the complainant’s waiving the defect, *378 merely for the purpose of having the benefit of favorable admissions made in the answer. The answer itself may be taken off the files, if put in without oath. (Nesbett v. Dellam, 7 Gill & John. 494 ; Trumbull v. Gibbons, Halst. Dig. 172.) And upon that being accomplished, the case would be open to take the bill as confessed; or if leave were given to put in an answer, the admissions contained in the abortive pleading would be good evidence against any statements to the contrary in the new answer.
Exceptions do not lie for irregularities in the practice; and exceptions for insufficiency, necessarily assume that the answer is valid, and properly before the court. I am satisfied that the complainant has mistaken his remedy, and if the answer be defectively authenticated, as he alleges, his course is to have it taken from the files by a motion.
The exceptions to the master’s report, must be overruled with taxed costs.
December 9th.—At a subsequent day, the defendant moved to dissolve the injunction on the bill and the answer, verified as before stated.
M. Hoffman, for the complainant, objected that there was no sworn answer. The jurat attached to this answer, is not certified by the clerk of any court, nor is there any seal appended. Here is the impression of a seal on the paper itself on which the certificate is written, but that is not a seal by the common law. (2 Hill’s R. 227 ; 2 R. S. 396, § 33 ; Rule 41.)
J. Brice Smith, for the defendant. The adverse - party has waived this objection by treating the answer as valid. (7 John. 558 , 2 Paige, 308, 607; 6 Wend. 36.) An actuary may certify, when a deputy register is absent. (7 Cowen, 444.) But the objection cannot be taken on this motion, where there is no opportunity of showing the facts.
*379 The Vice-Chancellor, granted the motion. He said he could not look into these formalities on the motion to dissolve. If the complainant deemed the .answer irregularly sworn, he should have moved to take it from the files of the court. The defendant could then have shown, that the master is the clerk of the court, and that the seal impressed as this is, is a valid and proper seal in England ; or he would have had an opportunity to have shown those facts. The court, at all events, will not, in a collateral motion, assume that the statute has not been substantially complied with. It should rather presume that all was rightfully done,